**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELMARIE ALICEA,

Plaintiff,

v.

USHEALTH ADVISORS, a wholly-owned national sales and distribution subsidiary of USHEALTH GROUP, INC., a UNITED HEALTHCARE COMPANY (United Healthcare, Inc.),

Defendant.
_______________________________/

**CASE NO.:**

**CLASS ACTION**

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant USHEALTH Advisors, LLC ("USHA") (erroneously named as USHEALTH Advisors),[1] pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Circuit Court of the Ninth Judicial Circuit Court in and for Orange County, Florida to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, USHA states as follows:

---

[1] Although it is not completely clear from the Complaint, USHA believes that it is the only named defendant in the Class Action Complaint. The Complaint states that Plaintiff "brings this class action against Defendant US Health [sic] Advisors," which is then described in terms of two other entities. The Complaint furthermore consistently refers to only one "Defendant," in the singular. As such, USHA does not believe that there are any other Defendants named in the Complaint or that would need to join in this Notice of Removal.

## I. Background

1. Plaintiff Delmarie Alicea commenced this case on March 8, 2023. A true and correct copy of the Class Action Complaint (the "Complaint") and other papers served upon Defendant are attached hereto as Exhibit A.

2. The suit arises from alleged text messages sent to Plaintiff's cellular telephone that Plaintiff alleges were initiated in violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

3. On April 5, 2023, the Summons and the Class Action Complaint were delivered to the registered agent of a corporate affiliate of Defendant in Minnesota, a state where Defendant has no registered agent for service of process.

4. Pursuant to the Summons accompanying the Complaint, USHA was required to respond to the Complaint within twenty (20) days after service of the Summons, that is, April 25, 2023.

5. By an Agreed Order entered on May 2, 2023, USHA obtained an enlargement of time of thirty days – to May 25, 2023 – to respond to the Complaint.

6. Defendant now timely removes this action to this Court.

## II. Basis for Jurisdiction

7. This putative class action is within the Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

8. The Supreme Court has instructed that "no antiremoval presumption

attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014). Rather, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting S. Rep. No. 109–14, p. 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41). *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions").

9. Under 28 U.S.C. § 1332(d), federal district courts have "original jurisdiction" over civil class action lawsuits when three requirements are met: "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley*, 778 F.3d at 911 (emphasis omitted) (citing 28 U.S.C. § 1332(d)(2), (5), (6)). Each of these requirements is satisfied here.

10. The first requirement – referred to as minimal diversity of citizenship – is satisfied. Plaintiff is a citizen and resident of Orange County, Florida. Defendant is a is a limited liability company organized under the laws of the State of Texas, and its principal place of business is in Fort Worth, Texas. *See* Declaration of Dean Whaley at ¶¶ 3-4. USHA's sole member is USHEALTH Group, Inc., which is a corporation organized under the laws of the State of Delaware with a principal place of business in Texas. *See id.* at ¶ 5.

11. The requirement of at least 100 putative class members is also

satisfied. The Complaint itself alleges that there are "thousands" of putative class members: "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent." Compl. at ¶ 22.

12. In any event, USHA's analysis – detailed further below – reveals that there are more than 100 putative class members. *See* Whaley Decl. at ¶ 14.

13. The aggregate amount in controversy is also established.

14. The Complaint alleges that "Plaintiff and Class members were harmed and each is entitled to a minimum of $500.00 in damages for each violation" under the FTSA. Compl. at ¶ 37. *See also id.* at ¶ 38. *Accord* Fla. Stat. § 501.509(10)(a)(2).

15. As explained in the accompanying Declaration of Dean Whaley, USHA is a licensed insurance agency that contracts with independent insurance advisors, licensed in one or more states around the country, to sell insurance products. The independent insurance advisors work in "regions." Whaley Decl. at ¶ 6.

16. These independent insurance advisors are independent contractors. They may market their respective insurance businesses in any lawful manner of their choosing, so long as they comply with all applicable local, state, and federal laws, including statutes like the Telephone Consumer Protection Act ("TCPA") and FTSA. Some of these independent contractors choose to communicate with their consumers via compliant telephone marketing, while others do not use any form of telemarketing at all. *See id.* at ¶¶ 7-8.

17. Although USHA does not make any telephone calls or, more relevant given the allegations in this case, send any text messages for marketing purposes, it has implemented certain measures, procedures, and standards to assist contracted insurance advisors in their compliance. *See id.* at ¶ 9.

18. Among these is making available to the independent insurance advisors a do-not-call "scrubbing" service from Gryphon Networks Corp. If the independent insurance advisor utilizes certain customer relationship management ("CRM") platforms, this service – referred to as "Gryphon" – takes a telephone number selected to be dialed or to receive a text message and checks (or "scrubs") it against the telephone numbers recorded and maintained on USHA's do-not-call list. If the telephone number the independent insurance advisor selected to dial is on the list, then the Gryphon service blocks the transmission from being made. *See id.* at ¶ 10.

19. USHA has access to Gryphon data with respect to text messages that were attempted to be placed. *See id.* at ¶ 11. In the course of its investigation of Plaintiff's claims, and without waiver of any applicable attorney-client privilege and work product protection, USHA determined the region(s) that may have sent a text message to Plaintiff. *See id.* at ¶ 12. USHA analyzed the Gryphon data relating to the two regions from which a text was sent to Plaintiff, and which used the same equipment or type of equipment utilized to call Plaintiff, from July 1, 2021. *See id.* at ¶ 13.

20. Based on the Gryphon data regarding instances of "scrubbed"

telephone numbers, USHA's analysis reveals that the independent contractors in those two regions sent text messages to more than 3,333 persons with telephone numbers with Florida area codes. *See id.* at ¶ 14.

21. Plaintiff also alleges that the statutory damages to which she and the Class are "entitled" is "a minimum of $500.00 in damages for each violation." Compl. at ¶¶ 37 & 38. The only manner in which statutory damages may exceed $500.00 under the FTSA is "[i]f the court finds that the defendant willfully or knowingly violated" the FTSA, in which event the court may increase the amount of any awarded damages up to $1,500.00 per violation. Fla. Stat. § 501.059(10)(b). Plaintiff expressly seeks such a finding and trebling of statutory damages in the Complaint. *See* Compl. at page 14 ("Plaintiff, individually and on behalf of the Class, prays for the following relief . . . An award not to exceed three times the statutory amount and a finding Defendant willfully or knowingly violated the statute . . . .").

22. "Treble damages . . . are included in calculating the amount in controversy at issue." *M.P.G. Tent Rentals, Inc. v. Wasatch Tees of Atlanta, Inc.*, No. 2:08-CV-02218-LSC, 2009 WL 10688841, *2 (N.D. Ala. Feb. 26, 2009). *See also*, *e.g.*, *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) ("Given the possibility of treble damages under the TCPA, . . . the aggregate amount in controversy exceeds $5 million . . . .").

23. Thus, given the potential of trebled damages, the amount in controversy exceeds $5 million in this action. If the at least 3,334 putative class

members were entitled to only a minimum of $500.00 in damages for one telephone call in violation each – it should be noted that Plaintiff alleges she received at least four such telephone calls, (Compl. at ¶¶ 27-30) – that would result in statutory damages of $1,667,000. Trebling that amount would result in damages of $5,001,000. The requirement of an aggregate amount in controversy exceeding $5 million is therefore satisfied.

24. To be clear, USHA disputes the accusations that these or any other text messages as alleged in the Complaint violated the FTSA or any other law in any way, and therefore USHA does not admit that any of these instances were violations. *See* Whaley Decl. at ¶ 15. For example, among many other items, USHA denies the use of an automated system for the selection or dialing of telephone numbers on any of these above-referenced text messages, that the text messages were sent without prior express written consent, that the text messages were placed to residential telephone numbers, any form of vicarious liability or an agency relationship required for the imposition of any liability, or that the putative class could ever be certified.

25. However, "[g]iven that [Plaintiff's] complaint alleges that each call in violation of the [FTSA] would incur no less than $500 in damages and that [USHA] presented evidence establishing [sufficient members of the proposed class], [USHA] has shown that [Plaintiff] is seeking recovery from a pot that . . . could exceed $5 million," establishing the required amount in controversy from the FTSA claim alone. *Grant v. Cap. Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir.

2011). *See also Dudley*, 778 F.3d at 913 ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

## III. Notice Given

26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Defendant will file a certificate with the clerk of the court showing proof of service of all notices and filings with the clerk of the state court.

## IV. Removal is Timely Filed

27. This Notice has been timely filed within thirty (30) days that Defendant was purportedly served with the Summons and Complaint on April 5, 2023, as required by 28 U.S.C. § 1446(b)(2).

## V. Pleadings and Process

28. In accordance with 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as Exhibit B.

## VI. Venue

29. Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which is in same District as the United States District Court for the Middle District of Florida.

## VII. Non-Waiver of Defenses

30. Nothing in this Notice shall be interpreted as a waiver or relinquishment of USHA's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446 this Court has jurisdiction over this matter, and Defendant USHEALTH Advisors, LLC hereby removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to this Court.

Dated: May 5, 2023

Respectfully submitted,

By: */s/ Roy Taub*

JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
alyson.mercier@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2023, this document is being electronically filed with the Court through CM/ECF, which will forward and serve a copy upon all counsel of record in compliance with the Federal Rules of Civil Procedure. I further certify that a copy of the foregoing document is being served by e-mail and FedEx overnight delivery upon the following:

Amanda J. Allen, Esq.
William "Billy" Peerce Howard, Esq.
THE CONSUMER PROTECTION FIRM, PLLC
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, FL 33602
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Brenda@TheConsumerProtectionFirm.com

By: *<u>/s/ Roy Taub</u>*
ROY TAUB