**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELMARIE ALICEA,

Plaintiff,

v.

USHEALTH ADVISORS, a wholly-owned national sales and distribution subsidiary of USHEALTH GROUP, INC., a UNITED HEALTHCARE COMPANY (United Healthcare, Inc.),

Defendant.
_____________________________/

Case No.: 6:23-cv-00840-CEM-DCI

**CLASS ACTION**

# DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant USHEALTH Advisors, LLC ("USHA") (erroneously named as USHEALTH Advisors), moves to dismiss Plaintiff Delmarie Alicea's Class Action Complaint ("Complaint"), for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), and states the following in support:

## PRELIMINARY STATEMENT

This is a straightforward and clear-cut motion. Plaintiff never served USHA. She purported to serve the registered agent of USHA, but in fact "served" the registered agent of a corporate affiliate of USHA's in a state – Minnesota – where USHA is not even registered. And the "service," in any event, failed to comply with certain requirements under Florida law, further making the purported service deficient. Thus, the Complaint should be dismissed pursuant to Rule 12(b)(5).

## BACKGROUND

Prior to the removal of this action, Plaintiff filed an affidavit of service in the state court. *See* Ex. A. The process server's affidavit of service states that, "on Wednesday, April 5, 2023 at 9:50 AM I served the Summons, Class Action Complaint, [and other documents] upon USHealth Advisors . . . personally at 1010 Dale Street North, St Paul, MN 55117, by handing to and leaving with Bob Gustafson, Agent for CT Corporation System Inc, authorized to accept service, the Registered Agent for USHEALTH Advisors, . . . a true and correct copy thereof." Ex. A.

Except, CT Corporation System Inc. at 1010 Dale Street North, St. Paul, Minnesota 55117 is not USHA's registered agent for service of process in Minnesota. Whaley Decl. at ¶ 4. USHA does not have any such registered agent in Minnesota, as it is not even registered in the State of Minnesota. *Id.* at ¶¶ 5-6 and Exhibit A thereto. Rather, and consistent with how the corporate registered agent described the service in its reports forwarding the served papers, (Ex. B), Plaintiff served the registered agent for a corporate affiliate of USHA, its ultimate parent corporation, UnitedHealth Group Incorporated, which is referred to (by the wrong name) in the caption of the Complaint. That is not good service.

Nor did Plaintiff comply with Fla. Stat. § 48.031. That provision requires that "[a] person serving process shall place, on the first page only of at least one of the processes served, the date and time of service, his or her initials or signature, and, if applicable, his or her identification number." Fla. Stat. § 48.031(5). The

process server did not place on the first page of the summons or any of the documents served the date and time of service or his initials or signature. That also renders the attempted service of USHA deficient, even if USHA somehow could have been served through a person that is not its registered agent in a state in which it is not even registered.

## ARGUMENT

## I. APPLICABLE LEGAL STANDARDS

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). *See also United States v. MultiPlan Network*, No. 8:19-CV-2169-JLB-CPT, 2022 WL 580724, *6 (M.D. Fla. Feb. 25, 2022) ("It is well-settled that service of process must be properly effected before a federal court may exercise jurisdiction over a defendant."). Insufficient service of process is an expressly-listed basis for dismissal of a party from a lawsuit under Federal Rule of Civil Procedure 12(b)(5). *See, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 647 (11th Cir. 2019) (affirming dismissal for insufficient service of process).

"A party challenging service of process under Rule 12(b)(5) must specify the particular way or ways in which the serving party failed to satisfy the service-of-process rules." *Id.* (internal quotation omitted). The plaintiff then bears the burden of proving adequate service of process. *Id.* In deciding the insufficiency of service of process, courts "may consider the parties' affidavits, depositions, and

oral testimony in resolving disputed questions of fact." *Devs. Sur. & Indem. Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491-T-24TGW, 2017 WL 3113469, *2 (M.D. Fla. May 5, 2017).

## II. PLAINTIFF DID NOT SERVE USHA'S REGISTERED AGENT

"In determining validity of service in the state court prior to removal of an action, the federal court must apply the law of the state under which the service was made." *Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16-CV-306-FTM-38CM, 2016 WL 6681062, *2 (M.D. Fla. Nov. 14, 2016). "Service on an LLC under Florida law must be carried out under Fla. Stat. § 48.062." *Florio v. Success Agency LLC*, No. 17-80557-CV, 2017 WL 8897130, *3 (S.D. Fla. Oct. 30, 2017). These requirements apply under Florida law regardless of whether the service is attempted on persons outside the State of Florida. *See* Fla. Stat. § 48.194(1) ("Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any person authorized to serve process in the state where the person is served.").

"Florida law requires strict compliance with the statutes governing service of process." *Price v. Lakeview Loan Servicing, LLC*, 2020 WL 1974226, *3 (S.D. Fla. Apr. 24, 2020) (quoting *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 708 (Fla. 4th DCA 1998)). *See also Florio*, 2017 WL 8897130 at *3 ("Since statutes governing service of process are to be strictly construed, § 48.062 must be strictly construed and complied with to validly serve process.") (internal quotation omitted). Fla. Stat. § 48.062 dictates a sequence that must be strictly followed in

attempting to serve a limited liability company:

> To strictly comply with § 48.062, a plaintiff first must attempt to serve process "on the registered agent designated by the limited liability company under chapter 605." Fla. Stat. § 48.062(1). . . . . Florida law anticipates failures to serve process in this manner and instructs:
>
> (2) If service cannot be made on a registered agent of the limited liability company *because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served*, process against the limited liability company may be served:
>
> (a) On a member of a member-managed limited liability company;
>
> (b) On a manager of a manager-managed limited liability company; or
>
> (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of th4940e limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.
>
> Fla. Stat. § 48.062(2)(a)-(c) (emphasis added). Accordingly, in strictly construing the statute, for a plaintiff to be permitted to attempt service under § 48.062(2), the plaintiff must demonstrate either that: (1) the LLC failed to comply with chapter 605; (2) the LLC does not have a registered agent; or (3) that the plaintiff exercised "reasonable diligence" in attempting to serve the LLC's registered agent and failed. *See* Fla. Stat. § 48.062(2). Imposing these requirements on plaintiffs before permitting them to effect substituted service ensures that "the failure of delivery of service [is] attributable to the defendant, not the plaintiff." *Twin Oaks Villas, Ltd. v. Joel D. Smith, L.L.C.*, 79 So. 3d 67, 71 (Fla. 1st DCA 2011) (quoting *All Mobile Video, Inc. v. Whitener*, 773 So. 2d 587, 590 (Fla. 1st DCA 2000) (per curiam)) (internal quotations omitted).

*Florio*, 2017 WL 8897130 at *4.[1]

[1] *See also Vibe Ener v. Duckenfield*, No. 20-CV-22886-UU, 2020 WL 6373419, *7 (S.D. Fla. Sept. 29, 2020) (explaining that under Fla. Stat. § 48.062, "[t]he only people authorized to accept service under this section are (depending on the circumstances) the company's registered agent, a member of the company, a manager of a manager-managed limited liability company, a designated employee of the limited liability company, the person in charge of the limited liability

Here, Plaintiff started and stopped with the first step, serving what she believed to be the defendant's registered agent. Except she served an entity that is ***not*** USHA's registered agent for service of process in Minnesota. *See* Whaley Decl. at ¶ 4. In fact, USHA is not even registered in the State of Minnesota, and therefore has *no* registered agent for service of process in that State. *See id.* at ¶¶ 5-6 and Exhibit A thereto. Quite clearly, Plaintiff did not comply – strictly or otherwise – with Fla. Stat. § 48.062, and the Complaint should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5). *See, e.g.*, *Vibe Ener*, 2020 WL 6373419 at *7 (dismissing defendant where there was no dispute that served person was not defendant's registered agent).

## III. THE SERVICE DID NOT COMPLY WITH FLA. STAT. § 48.031

There is a second reason why the purported service is deficient: failure to comply with Fla. Stat. § 48.031(5)'s requirement that the process server note the date, time, and his or her initials or signature on the first page of one of the papers being served. Compliance with these requirements is not optional; "[s]ervice of process must strictly comply with all relevant statutory provisions." *Schofield v. Wells Fargo Bank, N.A.*, 95 So. 3d 1051, 1052 (Fla. 5th DCA 2012) (citing *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So.2d 952, 954 (Fla. 2001)).

Neither the summons nor any other documents purported to have been served on USHA in Minnesota complies with this requirement. "As strict

company during regular business hours, and the Secretary of State.") (quoting *United States v. Demesmin*, No. 17-CV-36, 2018 WL 1988864, *2 n.1 (M.D. Fla. Mar. 14, 2018)).

compliance with all of the statutory requirements for service is required, the failure to comply with the statutory terms means that service is defective, resulting in a failure to acquire jurisdiction over the defendant." *Vidal v. SunTrust Bank*, 41 So. 3d 401, 403 (Fla. 4th DCA 2010) (reversing order denying motion to quash where time of service was not notated on summons). *See also Walker v. Fifth Third Mortg. Co.*, 100 So. 3d 267, 267 (Fla. 5th DCA 2012) (reversing denial of motion to quash where process server failed to comply with § 48.031(5)); *Schofield*, 95 So. 3d at 1052 (same). Again, this statutory requirement applies even when someone outside the State of Florida is being served. *See* Fla. Stat. § 48.194(1). *See also Thompson v. King*, 523 F. Supp. 180, 183 (M.D. Fla. 1981) ("Florida Statutes s 48.194 (1979) provides that service on persons outside the state shall be made in the same manner as service on persons within the state . . . ."); *Henzel v. Noel*, 598 So. 2d 220, 221 (Fla. 5th DCA 1992) (reversing denial of motion to dismiss for insufficient service of process in New York because "[i]t is clear that service of process on Henzel did not meet the requirements of section 48.031 . . . ."); *Smith v. F.D.I.C.*, 711 So. 2d 1367, 1368 (Fla. 4th DCA 1998) (holding that leaving summons and complaint with doorman at defendant's apartment building in New York "was not made in strict compliance with sections 48.194 and 48.031(1)(a), Florida Statutes (1997), as is required").

Accordingly, even if there were no other issues with the purported service, the failure to comply with the requirements of Fla. Stat. § 48.031(5) renders it defective.

## CONCLUSION

For the foregoing reasons, Defendant USHEALTH Advisors, LLC respectfully requests that the Court enter an order dismissing Plaintiff's Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and for any other relief the Court deems just and appropriate.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that starting on May 10, 2023, I conferred by e-mail with counsel for Plaintiff (Billy Howard, Amanda J. Allen, John Barrett, and Michael Dell'Angelo) regarding the grounds of this motion and the requested relief. In response to undersign counsel's request for a telephonic meet and confer on May 11 or 12, 2023. Mr. Howard responded that same day by e-mail and requested counsel's availability on May 15, 2023, which undersigned counsel advised would be too late under Fed. R. Civ. P. 81(c)(2). In his response the next day, May 11, 2023, Mr. Howard requested the reasons and support for USHA's motion, which undersigned counsel provided by e-mail. Mr. Howard responded later that day by advising that Plaintiff opposes the motion.

Dated: May 12, 2023

Respectfully submitted,

By: *<u>/s/ Roy Taub</u>*
JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com

alyson.mercier@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2023, this document is being electronically filed with the Court through CM/ECF, which will forward and serve a copy upon all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Roy Taub*
ROY TAUB